1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

Plaintiffs,

v.

PETER J. HANSON, P.C. D/B/A HANSON
CHIROPRACTIC and PETER J. HANSON,

Defendants.

Case No.  C16-1085RSL

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS
COUNTERCLAIMS

17
18

## I. INTRODUCTION

19
20

This matter comes before the Court on plaintiffs' motion to dismiss[1] defendants'

counterclaims (Dkt. #18) for lack of factual sufficiency.

21

For the reasons set forth below, the Court grants plaintiffs' motion.

22

## II. BACKGROUND

23
24

In July 2016, plaintiffs filed a federal complaint alleging defendants had submitted false,

misleading, and/or fraudulent claims.  Dkt. #1 at 1-2, ¶ 1.  In essence, plaintiffs contend

25
26
27

---

[1]      Plaintiffs move "[p]ursuant to Federal Rules of Civil Procedure 8 and 12."  Dkt. #18 at 2.
The Court construes the motion as one under Rule 12(b)(6) for failure to state a claim.

28

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 1

defendants' care of patients who had been in motor vehicle collisions amounted to predetermined courses of treatment without regard for the patients' actual needs. Dkt. #1 at 2-3, ¶¶ 2-4. Plaintiffs allege these practices resulted in $300,000 in wrongful billings. Dkt. #1 at 3, ¶ 5.

Defendants answered the complaint and alleged numerous counterclaims. The claims include violations of Washington's Consumer Protection Act, libel, interference with business expectancy, infliction of emotional distress, and a request for declaratory relief. Dkt. #17 at 10-14. This motion followed.

## III. ANALYSIS

Dismissal under Rule 12(b)(6) is appropriate if a pleading "does not allege enough facts to state a claim to relief that is plausible on its face." Ebner v. Fresh, Inc., 838 F.3d 958, 962-63 (9th Cir. 2016) (internal brackets omitted). The Court accepts "all factual allegations in the complaint as true and constru[es] them in the light most favorable to the nonmoving party." Id. at 962. The inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 963 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

Plaintiffs argue "defendants' counterclaims are facially defective because they contain only a handful of conclusory factual assertions and a rote recitation of the elements of the asserted claims for relief." Dkt. #18 at 2. Defendants respond[2] that between the incorporation of the facts of plaintiffs' complaint, the exhibits attached to the counterclaims, and the specific conduct alleged in their answer, their counterclaims are facially plausible under federal pleading standards. Dkt. #21 at 3-4. The specific conduct alleged includes:

- That plaintiffs "intentionally and/or negligently acted to deny [defendants] payment for legitimate chiropractic care by using a systematic program to harass and intimidate Dr. Hanson."

---

[2]    Defendants also argue plaintiffs may not challenge the counterclaims on Rule 8 grounds. As explained at n.1, supra, plaintiffs have made the grounds of their motion sufficiently clear.

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 2

- That plaintiffs "systematically instructed its insureds and attorneys representing its insureds in third party actions from pursuing claims against third party tortfeasors and from pursuing subrogation claims in order to maintain its cause of action against Dr. Hanson."
- That plaintiffs "systematically told Dr. Hanson's patients that he committed fraud and that they have no basis to seek damages for medical care rendered by Dr. Hanson from third party tortfeasors."
- That plaintiffs "refused to accept subrogation payments in cases involving third party tortfeasors in order to maintain its cause of action against Dr. Hanson."
- That plaintiffs informed third party tortfeasors as well as defendant tortfeasors and their attorneys "that Dr. Hanson's treatment was not reasonable or necessary."

Dkt. #17 at 11-12, ¶¶ 2-8.  Defendants attached two exhibits to their answer.  One is a communication from a State Farm claims specialist to an attorney seeking subrogation on behalf of State Farm for services rendered by defendants.  Dkt. #17-1.  The claims specialist informs the attorney of ongoing civil litigation and requests that the attorney suspend subrogation efforts until further notice.  The other is a communication between a State Farm claims specialist and Dr. Hanson denying a bill from Dr. Hanson in light of this litigation.  Dkt. #17-2.  The claims specialist puts Dr. Hanson on notice that State Farm assumes responsibility for any billings rightfully owed to him and advises that it may be a violation of federal law to take an action against the insured.

Defendants also argue their counterclaims satisfy Washington's notice pleading requirement, which they implore the court to apply when considering a motion to dismiss counterclaims based in state law.  Id. at 4-5.  Plaintiffs submit that federal pleading standards control.  Dkt. #23 at 2.

**A. Pleading Standard**

Defendants are incorrect to conclude the Court can apply Washington's more lenient pleading standard to their state-law counterclaims.[3]  District courts sitting in diversity, as here,

---

[3]      Defendants urge the Court to consider Institute of Cetacean Research v. Sea Shepherd Conservation Society, C11-2043JLR, 2016 WL 3227930 (W.D. Wash. June 13, 2016), an indication that Washington pleading standards apply.  In Sea Shepherd, the plaintiffs sought to dismiss defendants' counterclaims of piracy and unsafe navigation.  Defendants' citation to the portion of the order analyzing the defendants' standing is inapposite, especially given the court applied Rule 12(b)(6) and

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 3

1  apply the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 1; <u>Knievel v. ESPN</u>, 393 F.3d 1068,

2  1073 (9th Cir. 2005) (citing <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938)).

3      The Supreme Court's interpretation of those rules is binding on the Court.

4  Counterclaimants must provide "a short and plain statement of the claim showing that the

5  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If a claim does not comply with Rule 8,

6  Rule 12(b)(6) provides a remedy for dismissing the complaint.  <u>Bell Atlantic Corp. v. Twombly</u>,

7  550 U.S. 544, 555 (2007).  A claim demonstrates a pleader is entitled to relief when it pleads

8  facts which "raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

9  Complaints must plead "factual content that allows the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

11  (2009).  The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

12  accusation."  <u>Iqbal</u>, 556 U.S. at 678.  The Court analyzes the counterclaims in light of <u>Iqbal</u> and

13  <u>Twombly</u>.

14  **B.  Libel Claim**

15      In Washington, a plaintiff's claim of defamation must allege a false statement,

16  publication, fault, and damages.  <u>Duc Tan v. Le</u>, 177 Wn.2d 649, 662 (2013).  The nature of the

17  claimant determines what level of fault is required to make a defamation claim.  "If the

18  [claimant] is a public figure or public official, he must show actual malice.  If, on the other hand,

19  the [claimant] is a private figure, he need show only negligence."  <u>LaMon v. Butler</u>, 112 Wn.2d

20  193, 197 (1989).

21      Defendants argue that plaintiffs made known to insureds and third parties that "Dr.

22  Hanson's care and treatment of patients was unreasonable, unnecessary[,] and/or fraudulent."

23  Dkt. #17 at 12, ¶ 10.  They maintain this amounts to unprivileged publication of false assertions

24  _____

25  cited <u>Iqbal</u>, 556 U.S. at 678, when discussing whether to dismiss the counterclaims for lack of factual
sufficiency.  2016 WL 3227930 at *5.  Further, defendants' observation that Washington courts have not

26  adopted the pleading standards of <u>Iqbal</u> and <u>Twombly</u> is correct but inapplicable to a federal district
court.  <u>See</u> Dkt. #21 at 5-6.

27

28  ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 4

with the knowledge they were false or with conscious disregard for the truth, and that the disclosures were made with malice and caused losses to defendants' trade, business, and reputation.

Plaintiffs argue defendants have failed to specify the time or manner of the purportedly defamatory statements, address what aspect of any statement by plaintiffs was false, identify the degree of fault which plaintiffs' allegedly acted, posit why any statements attached to the complaint were not privileged, or demonstrate actual damages.  Dkt. #18 at 6-11.

Defendants' counterclaims allege State Farm made communications to third parties that described Dr. Hanson's treatment as unreasonable or unnecessary.  The single communication to a third party offered by defendants does not comment on the quality of Dr. Hanson's care at all. It simply reports that there is ongoing litigation between the parties.  Dkt. #17-1.  Defendants have failed to plead facts allowing an inference that plaintiffs have made any false statements. This failure is fatal to the claim as pleaded.

**C. Washington Consumer Protection Act Claim**

Washington's Consumer Protection Act (CPA) provides a cause of action for "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW 19.86.020.  To prevail, a private citizen must show "(1) an unfair or deceptive act or practice (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property and (5) causation."  Panag v. Farmers Ins. Co. of Washington, 166 Wn.2d 27, 37 (2009) (citing Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784 (1986)).  The first element of the test may be established by showing an insurer's action is a per se unfair trade practice listed in WAC 284-30-330 or that the insurer acted "without reasonable justification in handling an insured's claim."  Leingang v. Pierce County Medical Bureau, Inc., 131 Wn.2d 133, 150 (1997); Int'l Ultimate Inc. v St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 756 (2004).  "Acts performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the consumer

1   protection law." <u>Leingang</u>, 131 Wn.2d at 155.

2       Defendants allege plaintiffs have mounted a "systematic attack on chiropractic care in

3   Washington State" that meets the five elements. Dkt. #17 at 12, ¶ 9.  This attack has allegedly

4   resulted in "depri[ving] [defendants of] full compensation for rendered medical services."  <u>Id.</u>

5   Plaintiffs argue defendants have not alleged facts to support the first, fourth, or fifth elements.

6   Dkt. #18 at 12.

7       Defendants' recitation of the statutory elements of the claim and conclusory allegation of

8   a "systematic attack" on chiropractors in Washington does not meet their burden of pleading

9   facts sufficient to infer they are entitled to relief.  Taking the factual, but not legal, conclusions

10  of defendants' claims as true, their counterclaims assert State Farm denied claims that would

11  reimburse defendants, suspended claims while litigation was pending, informed third parties that

12  payment would not occur while litigation was pending, and indemnified insureds against

13  collection actions by defendants.  The absence of facts supporting an inference plaintiffs acted

14  unreasonably or committed a per se violation warrants the claim's dismissal.

15  **D. Tortious Interference With Business Expectancy Claim**

16      A claim of tortious interference with a contractual relationship or business expectancy

17  must prove: (1) the existence of a valid contractual relationship or business expectancy; (2) that

18  defendants had knowledge of that relationship; (3) an intentional interference inducing or

19  causing a breach or termination of the relationship or expectancy; (4) that defendants interfered

20  for an improper purpose or used improper means; and (5) resultant damage.  <u>Pacific Northwest</u>

21  <u>Shooting Park Ass'n v. City of Sequim</u>, 158 Wn.2d 342, 351 (2006).  The interference must be

22  purposefully improper.  <u>Leingang v. Pierce County Medical Bureau, Inc.</u>, 131 Wn.2d 133, 157

23  (1997).  "Exercising in good faith one's legal interests is not an improper interference."  <u>Id.</u>

24      Defendants allege plaintiffs' purported characterizations of Dr. Hanson's care as

25  "unreasonable, unnecessary[,] and/or fraudulent" were made with the intent to frustrate business

26  relationships with patients and other payors.  Dkt. #17 at 13, ¶ 11.  Plaintiffs argue defendants'

27

28  ORDER GRANTING PLAINTIFFS'
    MOTION TO DISMISS COUNTERCLAIMS- 6

1   claim fails to allege any of the elements.  Dkt. #18 at 16-17.

2       Defendants' cursory recitation of the elements of the offense is not supported by adequate

3   facts.  Based on the facts alleged, there is no evidence plaintiffs filed their complaint with the

4   intent to wrongfully interfere with Dr. Hanson's business interests.  Further, there is insufficient

5   evidence plaintiffs took any action outside of good faith execution of their legal rights.  Without

6   facts supporting an inference that plaintiffs specifically intended to interfere with Dr. Hanson's

7   business interests or that plaintiffs did anything other than exercise legitimate legal rights in

8   good faith, the claim must be dismissed.

9   **E.  Infliction of Emotional Distress Claims**

10  1.  *Intentional Infliction of Emotional Distress*

11      Intentional infliction of emotional distress (IIED) requires a plaintiff to show "(1) extreme

12  and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual

13  result to plaintiff of severe emotional distress."  <u>Lyons v. U.S. Bank Nat'l Assoc.</u>, 181 Wn.2d

14  775, 792 (2014).  Extreme conduct is "so outrageous in character, and so extreme in degree as to

15  go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

16  intolerable in a civilized community."  <u>Trujillo v. Northwest Trustee Services, Inc.</u>, 183 Wn.2d

17  820, 840 (2015) (internal quotation marks omitted).

18      Defendants assert plaintiffs' behavior amounts to extreme and outrageous conduct with

19  the intention of causing or reckless disregard for causing emotional distress to Dr. Hanson.  Dkt.

20  #17 at 13, ¶ 12.  Plaintiffs argue defendants' IIED allegations are factually insufficient as to all

21  three elements.  Dkt. #18 at 19-21.

22      Defendants do not specify what conduct of plaintiffs' amounted to "a course of extreme

23  and outrageous conduct."  Dkt. #17 at 13, ¶ 12.  The Court cannot conclude that the allegations

24  in plaintiffs' complaint rise to the level of conduct that is utterly intolerable in a civilized

25  community.  Neither have defendants offered any evidence of emotional distress besides the

26  unadorned conclusory statement that Dr. Hanson has experienced economic and emotional

27

28  ORDER GRANTING PLAINTIFFS'
    MOTION TO DISMISS COUNTERCLAIMS- 7

1   injury.  The claim must be dismissed.

2   2. *Negligent Infliction of Emotional Distress*

3         Absent physical injury, a plaintiff alleging negligent infliction of emotional distress

4   (NIED) must show "(1) the injury was within the scope of foreseeable harm of the negligent

5   conduct; (2) emotional distress was a reasonable reaction given the circumstances, and (3) the

6   injury was manifested by objective symptomatology." <u>Bylsma v. Burger King Corp.</u>, 176

7   Wn.2d 555, 561 (2013).  A plaintiff must also show the negligent conduct breached a duty owed

8   to him by the tortfeasor.  <u>Snyder v. Medical Service Corp. of Eastern Washington</u>, 145 Wn.2d

9   233, 243-44 (2001).

10         Defendants allege plaintiffs alternatively engaged in "extreme and outrageous conduct

11   acting in negligent disregard of the probability of causing emotional distress to Peter Hanson."

12   Dkt. #17 at 13, ¶ 12.  Plaintiffs assert the counterclaims lack facts that support the existence of a

13   duty, breach, or objective symptomatology.  Dkt. #18 at 22-23.

14         Defendants' allegations do not make it clear how plaintiffs breached any duty to them.

15   As discussed above, there is insufficient evidence plaintiffs engaged in making any false

16   statements or otherwise engaged in unreasonable conduct.  Similarly, defendants have failed to

17   plead facts showing how that conduct would breach *a duty* owed to defendants.  Last, besides the

18   bare allegation Dr. Hanson experienced emotional distress, there is insufficient evidence of

19   objective symptomatology.  Defendants offer no evidence of medically determinable symptoms

20   to support their claim.  Defendants' NIED claim is factually insufficient.

21   **F.  Declaratory Relief**

22         This Court may "declare the rights and other legal relations of parties to a case of actual

23   controversy." <u>Societe de Conditionnement en Aluminum v. Hunter Engineering Co., Inc.</u>, 655

24   F.3d 938, 942 (9th Cir. 1981) (citing 28 U.S.C. § 2201(a)).  Entering a declaratory judgment is

25   within the Court's sound discretion.  <u>See</u> <u>Medimmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118,

26   136 (2007).  Declaratory relief has the "force and effect of a final judgment." <u>Steffel v.</u>

27

28   ORDER GRANTING PLAINTIFFS'
     MOTION TO DISMISS COUNTERCLAIMS- 8

1    Thompson, 415 U.S. 452, 471 (1974).

2         Defendants' counterclaim headed as "declaratory relief" expresses defendants' "interest

3    in being fully compensated" for rendered and future medical services as well as injunctive relief

4    that will prevent plaintiffs from refusing payment for rendered medical services.  Dkt. #17 at 13-

5    14, ¶ 13.  Plaintiffs characterize this claim as an unclear statement of the remedy sought and thus

6    insufficiently pleaded.  Dkt. #18 at 24-25.

7         The Court agrees defendants have not articulated with sufficient clarity the degree or kind

8    of declaratory or injunctive relief they seek.[4]

## IV. REMEDY

10        "[A] district court should grant leave to amend even if no request to amend the pleading

11   was made, unless it determines that the pleading could not possibly be cured by the allegation of

12   other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Although defendant's

13   counterclaims are dismissed, this litigation continues.  In this context, leave to amend will not be

14   blindly granted.  If defendants believe they can, consistent with their Rule 11 obligations, amend

15   the counterclaims to remedy the deficiencies identified above, they may file a motion to amend

16   and attach a proposed pleading for the Court's consideration.

## V. CONCLUSION

18        For the foregoing reasons, plaintiffs' motion (Dkt. #18) is GRANTED.  The defendants'

19   counterclaims are DISMISSED without prejudice.

---

26        [4]     Defendants do not need declaratory relief to preserve their ability to seek an injunction under Fed. R. Civ. P. 65.

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 9

Dated this 3rd day of February, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO DISMISS COUNTERCLAIMS- 10