1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

Case No.  C16-1085RSL

12

Plaintiffs,

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL

13

v.

14

PETER J. HANSON, P.C. D/B/A HANSON
CHIROPRACTIC and PETER J. HANSON,

15

Defendants.

16
17
18

## I. INTRODUCTION

19
20
21

This matter comes before the Court on plaintiffs' motion to compel better answers to their

requests for admission (Dkt. #29) under Fed. R. Civ. P. 36(a)(6).  For the reasons set forth

below, the Court grants the motion and plaintiffs' request for related costs.

22

## II. BACKGROUND

23
24
25
26

In July 2016, plaintiffs filed a complaint in federal court alleging defendants had

submitted false, misleading, and/or fraudulent insurance claims.  Dkt. #1 at 1-2, ¶1.  In essence,

plaintiffs contend defendants' care of insured patients amounted to predetermined courses of

treatment without regard for the patients' actual needs.  Dkt. #1 at 2-3, ¶¶2-4.  Plaintiffs allege

27
28

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL- 1

these practices resulted in $300,000 in wrongful billings.  Dkt. #1 at 3, ¶5.

In September 2016, plaintiffs served defendants with twenty-five requests for admission.
See Fed. R. Civ. P. 36.  One month later, defendants served responses in which they made no
admissions and objected to each request.  The parties conferred over the phone and via written
correspondence.[1]  This motion followed.

### III. DISCUSSION

Rule 36 allows a party to ask another party to admit the truth of facts or the authenticity
of any described documents.  Fed. R. Civ. P. 36(a)(1).  If the receiving party elects not to admit,
they must "specifically deny it, or state in detail why the answering party cannot truthfully admit
or deny it."  Fed. R. Civ. P. 36(4).  The denial "must fairly respond to the matter."  Id.  If a
response "does not comply with [the] rule, the court may order either that the matter is admitted
or that an amended answer be served."  Fed. R. Civ. P. 36 (6).

Plaintiffs' requests for admission relate to a series of exhibits attached to their complaint.
Exhibits A, D, E, and L are tables identifying certain of defendants' patients and providing
information relevant to plaintiffs' legal claims.  Each row represents a patient and claim number
while each column relates to a particular identifier, like date of treatment, age, or diagnosis.
Each request for admission asks defendants to admit that a particular column properly includes
the relevant patients and insurance claims.  Dkt. #30.  If admitted, defendants would effectively
acknowledge that a particular set of patients received a particular treatment, were billed pursuant
to a particular code, or the like.

Defendants have objected to plaintiffs' requests on several grounds.  Their answers to the
requests, Dkt. #30-1, articulate nine general objections and, for each request, reproduce a
functionally identical boilerplate specific objection.  The general objections preserve various
privileges, qualify answers as the best available to defendant as discovery and investigation

---

[1]     The Court is satisfied the parties have complied with the relevant meet-and-confer
requirements.  See  Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37(a)(1).

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL- 2

continue, insist the patients in question are inadequately identified by the exhibits in the complaint, and argue that federal and state health privacy laws require additional steps before additional disclosure.  Dkt. #30-1 at 3-5.  The boilerplate objection argues that the exhibits do not "identify patients by name or any other reasonably recognizable identifier to . . . permit Defendant to render a sufficient or accurate response," that "defendant has not been afforded sufficient opportunity to review said production in the context of responding to these requests for admission," and that the particular column's title "is undefined and Plaintiff has provided no context, explanation, basis or underlying assessment for the contents of the column."  Dkt. #30-1 at 6-29.  The boilerplate objection to the requests regarding Exhibit E includes a sentence indicating "confidentiality concerns are heightened to the fact the discovery request involves minors, who may not have sufficient capacity to consent to release and disclosure of Protect [*sic*] Health Information under HIPPA [*sic*]."  Id. at 19-27.

In opposition to plaintiffs' motion, defendants again argue that the requests are "entirely objectionable and unduly burdensome."  Dkt. #31 at 2.  Defendants argue that plaintiffs' requests "do not seek to, nor would they if either admitted or denied, narrow the issues at trial."  Dkt. #31 at 3.  By way of example, defendants highlight a request seeking an admission that 138 patients were diagnosed with "fixation, spasm, tenderness, and inflammation at six spinal levels."  Dkt. #31 at 4.  Defendants point to one of those 138 patients who, at least on one visit, had a treatment "objective" of "fixation, spasm, and tenderness" but not inflammation.  Defendants argue that they cannot truthfully admit or deny whether patients like this one meet the request's criteria, and that even if they could, it would require a burdensome review of all treatment notes for each patient.  Dkt. #31 at 4-5.  Even then, defendants contend the answers would leave plaintiffs "right where [they] started, still having to prove that the treatment provided to [patients] on each visit was unreasonable and unnecessary and 'non-individualized.'"  Dkt. #31 at 5.  Defendants also characterize plaintiffs' requests regarding the amount of plaintiffs' payments to defendants as requiring a burdensome review of both approved

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL- 3

1    and declined bills.  Dkt. #31 at 6-7.

2          Plaintiffs argue their requests for admission "were tailored for a simple purpose: to

3    confirm the parties' agreement or identify any dispute . . . regarding the factual accuracy of the

4    medical and billing summaries" in plaintiffs' complaint.  Dkt. #34 at 2.  Plaintiffs indicate they

5    have offered to extend the time for defendants to respond and offered to clarify the wording of

6    their requests to simplify the process of responding.  Dkt. #30-2 at 8; Dkt. #30-5 at 2.

7    Defendants apparently refused these offers and reiterated that responding to reworded requests

8    would be equally burdensome.  Dkt. #30-3 at 2-3; Dkt. #30-4 at 2; Dkt. #30-5 at 2-3.

9          Plaintiffs' briefing sheds some additional light on the nature of their requests.  In reply to

10   the defendants' concern about the burdensome scope of medical records required to truthfully

11   answer their request, plaintiffs insist they seek only the "initial examination report" for each

12   patient.  Dkt. #34 at 4.  In fairness, this is not obvious from the plain language of the request for

13   admission.  See Dkt. #30-1 at 6.  Likewise, many of plaintiffs' requests seek admission that a

14   particular column "identifies *those* patients that Hanson Chiropractic" identified, diagnosed, or

15   treated in a certain way.  See, e.g., Dkt. #30-1 at 6 (emphasis added).  A technical reading of this

16   wording could make that request ambiguous as to the universe of patients about which plaintiffs

17   seek an admission.  Last, some of the requests about x-ray imaging are also ambiguous.  Dkt.

18   #30-1 at 19-23.  For example, one request asks defendants to admit dates on which "Hanson

19   Chiropractic performed the patient's first set of X-ray(s)."  Based on the plain language, it is not

20   clear whether plaintiffs are seeking information about defendants' first set of x-rays of a

21   particular patient or about whether defendants performed the first x-rays a *patient* had ever

22   received.  However, "[w]hen the purpose and significance of a request are reasonably clear,

23   courts do not permit denials based on an overly-technical reading of the request."  U.S. ex rel.

24   Englund v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006).  Regardless of whether

25   defendants adopted a technical reading, their objection is not persuasive in light of their

26   declining plaintiffs' counsel's offer to clarify the requests.  Dkt. #30-3 at 2-3; Dkt. #30-4 at 2.

27

28   ORDER GRANTING PLAINTIFFS'
     MOTION TO COMPEL- 4

1    District courts have broad discretion in controlling discovery. <u>Little v. City of Seattle</u>,

2    863 F.2d 681, 685 (9th Cir. 1988).  Defendants do not seem to have complied with Local Civil

3    Rule 26(f)'s instruction to "promote the just, efficient, speedy, and economical determination" of

4    the action.  The shortcomings of plaintiffs' requests could have and should have been remedied

5    between the parties.  Defendants' abandonment of certain objections likewise fails to engender a

6    perception of good faith.  Last, defendants have not explained why reviewing their own medical

7    and accounting records is overly burdensome.  <u>See</u> <u>Watkins v. Infosys</u>, C14-247JCC, 2015 WL

8    1424107 (W.D. Wash. March 27, 2015) (holding a party resisting a request for admission has a

9    "'heavy burden' of establishing that written discovery should be denied").  Neither the parties

10   nor the Court benefits from protracted discovery litigation.  While the Court may construe future

11   improper responses to Rule 36 requests as admissions, <u>see</u> <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669

12   F.2d 1242, 1246-47 (9th Cir. 1981), the Court hopes the parties can resolve this and other

13   discovery matters collaboratively.

14                                    **IV. COSTS**

15   Plaintiffs' motion includes a request for attorney's fees pursuant to Rule 37(a)(5)(A).

16   Dkt. #29 at 14.  If a motion to compel is granted, the Court "must, after giving an opportunity to

17   be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's

18   reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).  Expenses are

19   justified when a party objects improperly to a request for admission without substantial

20   justification provided the moving party attempted in good faith to obtain the disclosure without

21   court action and the award of expenses is not unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  The

22   Court concludes an award of reasonable expenses is justified.

23                                 **V. CONCLUSION**

24   For the foregoing reasons, plaintiffs' motion (Dkt. #29) is GRANTED.  Defendants'

25   answers to the requests for admission are STRICKEN.  Defendants are ordered to serve

26   amended answers to plaintiffs' requests within thirty days from the date of this order.  If

27

28   ORDER GRANTING PLAINTIFFS'
     MOTION TO COMPEL- 5

1  necessary, the parties should confer in good faith so that plaintiffs can revise the wording of their

2  requests to clarify the information sought.  Plaintiffs are ordered to submit a statement of

3  reasonable expenses incurred in making this motion within fourteen days of the date of this

4  order.

5

6        Dated this 7th day of March, 2017.

7

8

9                                        Robert S. Lasnik
                                         United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING PLAINTIFFS'
     MOTION TO COMPEL- 6