UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Plaintiffs,

    v.

PETER J. HANSON, P.C. D/B/A HANSON
CHIROPRACTIC and PETER J. HANSON,

        Defendants.

Case No. C16-1085RSL

ORDER DENYING DEFENDANTS'
MOTION FOR LEAVE TO AMEND
COUNTERCLAIMS

This matter comes before the Court on defendants' motion for leave to amend their counterclaims (Dkt. # 48), which the Court previously dismissed without prejudice on the motion of the plaintiffs (Dkt. # 36). Having reviewed the parties' memoranda and attachments and the remainder of the record in this case, the Court denies defendants' motion for the reasons that follow.

In July 2016, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company sued defendants in federal court for submitting false, misleading, and/or fraudulent insurance claims. Dkt. # 1 at 1-2, ¶ 1. In essence, plaintiffs contend that defendants' care of insured patients amounted to predetermined courses of treatment without regard for the patients' actual needs. Dkt. # 1 at 2-3, ¶¶ 2-4. Plaintiffs allege that these practices resulted in

ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO AMEND COUNTERCLAIMS - 1

1 $300,000 in wrongful billings.  Dkt. # 1 at 3, ¶ 5.

2       In their answer, defendants raised numerous counterclaims – specifically, claims under Washington's Consumer Protection Act, libel, interference with business expectancy, infliction of emotional distress, and a request for declaratory relief.  Dkt. # 17 at 10-14.  Upon plaintiffs' motion, Dkt. # 18, the Court dismissed those counterclaims as insufficiently pled, but gave defendants leave to file a motion to amend, Dkt. # 36.  This motion for leave to amend follows.

      Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  However, if the proposed amendment would be futile (*i.e.*, it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment.  Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

      Defendants' proposed amended complaint substantially elaborates on the factual allegations raised in defendants' answer and limits its counterclaims to (1) libel/defamation; (2) violation of the Washington Consumer Protection Act; and (3) tortious interference with business expectancy.  See Dkt. # 48-1.  The proposed complaint now runs to over twenty pages of factual allegations about plaintiffs' business practices, both generally and specifically as to defendants.  The heart of all three claims is the allegation that plaintiffs have adopted a claims processing model that arbitrarily flags as fraudulent all insurance claims from chiropractors treating "Minor Impact, Soft Tissue" (MIST) claims related to automobile accidents, in order to avoid the substantial cost of covering those claims.  Dkt. # 48-1, ¶¶ 2–70.  Defendants specifically allege that plaintiffs falsely accused defendant Peter Hanson, a chiropractor, of insurance fraud due to this arbitrary claims processing model.  Dkt. # 48-1, ¶¶ 71–149.

ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO AMEND COUNTERCLAIMS - 2

     Plaintiffs respond that, as licensed insurers, they are required to report instances of suspected insurance fraud to the Washington Insurance Commissioner or the National Insurance Crime Bureau (NICB) by Washington's Insurance Fraud Reporting Immunity Act, RCW 48.50.050.[1]  This law further provides that insurers are immune from civil liability arising from their reports to the NICB unless the claimant demonstrates actual malice against the insured. RCW 48.50.070.  "Actual malice" means that the insurers either knew that their statements were false or recklessly disregarded their falsity.  See Bender v. City of Seattle, 99 Wn.2d 582, 599 (1983).  "Reckless disregard" for falsity exists where there are "obvious reasons to doubt the veracity" of the information communicated, or where there is sufficient evidence of "intent to avoid the truth."  Duc Tan v. Le, 177 Wn.2d 649, 669 (2013) (quoting St. Amant v. Thompson, 390 U.S. 727, 732 (1968)).  Plaintiffs argue that because defendants have failed to plead sufficient facts to render allegations of actual malice plausible, see Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), their motion for leave to amend their counterclaims should be denied. Plaintiffs further argue that, statutory immunity aside, defendants' factual allegations are insufficient to render plausible any of the three proposed counterclaims.

     The Court agrees.  While in this context all well-pleaded allegations of material fact are accepted as true, see Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008), the Court need not accept "allegations that are merely conclusory, unwarranted deductions of facts, or unreasonable inferences," Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  As plaintiffs point out, their actions as alleged are consistent with a good-faith investigation of suspected insurance fraud.  And defendants' allegations regarding the plaintiffs' wrongful *motivation* for investigating Dr. Hanson – specifically, that the insurers fabricated a pattern of insurance fraud solely to avoid the expense of covering the significant number of claims from Dr. Hanson's office – are entirely conclusory.  Cf. Gonzalez v. Planned

---

[1] Plaintiffs reported Mr. Hanson to the NICB on July 14, 2016, the same day they filed this suit. Dkt. # 1; Dkt. # 48-1, ¶ 130.

ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO AMEND COUNTERCLAIMS - 3

1 Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014) (affirming denial of leave to
2 amend where plaintiff's allegations were "merely *possible* rather than plausible," and where
3 plaintiff had failed to "overcome the plausible and obvious explanation that [the defendant] did
4 not knowingly submit false claims"); Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 740
5 (9th Cir. 2008) (affirming dismissal where allegations supporting the required mental state were
6 entirely conclusory).

7 Moreover, defendants' own exhibits to their proposed amended countercomplaint, see
8 Dkt. # 48-1 at 29–49, reveal that plaintiffs had grounds for investigating Dr. Hanson beyond
9 simply the number of claims submitted by his office.  A State Farm employee noticed a pattern
10 of specific treatments at Dr. Hanson's office that suggested "a pre-determined treatment
11 protocol" for motor-vehicle accident victims.  Dkt. # 48-1 at 30, 34.  Upon investigation, the
12 employee found that the symptoms noted by Dr. Hanson to justify this treatment plan had not
13 been reported by other providers who saw the same patients.  Dkt. # 48-1 at 34.  Accordingly,
14 the Court need not accept as true defendants' allegations that "State Farm has no evidence to
15 support a claim that Dr. Hanson committed fraud of any kind in any individual case or in his
16 practice as a whole," or that State Farm "targeted Dr. Hanson as a project for no other reason
17 than his practice was a significant source of claim expense to State Farm."  Dkt. # 48-1 at 10,
18 ¶¶ 78, 80.  See Sprewell, 266 F.3d at 988 ("The court need not . . . accept as true allegations that
19 contradict matters properly subject to judicial notice or by exhibit.").

20 Because defendants have failed to allege facts supporting an allegation of actual malice as
21 to plaintiffs' report to the NICB of suspected insurance fraud by Dr. Hanson, plaintiffs are
22 entitled to statutory immunity from all claims arising out of that report.  See RCW 48.50.070.
23 As all three of defendants' proposed counterclaims stem from this report, all three counterclaims
24 are barred, and adding them through an amended countercomplaint would be futile.  See
25 Nordyke, 644 F.3d at 787 n.12.

ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO AMEND COUNTERCLAIMS - 4

For all the foregoing reasons, defendants' motion for leave to amend their counterclaims (Dkt. # 48) is DENIED.

Dated this 27th day of July, 2017.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO AMEND COUNTERCLAIMS - 5