1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9 STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*,

Case No. C16-1085RSL

10
Plaintiffs,

11 v.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

12 PETER J. HANSON, *et al.*,

13
Defendants.

14

15    This matter comes before the Court on "Defendants' Motion for Summary Judgment."

16 Dkt. # 68.[1] Plaintiffs, insurers who provide Personal Injury Protection ("PIP") insurance to

17 Washington residents, seek to recover over $300,000 in payments made to defendants for

18 chiropractic services that plaintiffs allege were not reasonable and/or necessary. Plaintiffs assert

19 claims of fraud and unjust enrichment against Dr. Hanson and his practice. They also seek a

20 declaration that they need not pay any outstanding charges related to services provided by

21 Hanson Chiropractic. Although defendants moved for an order dismissing all of plaintiffs'

22 claims with prejudice, the motion mentions the unjust enrichment claim only in general terms

23 and ignores the overcharging aspects of plaintiffs' fraud claim. Arguments raised for the first

24

25    _____

26    [1] Despite appropriately using initials throughout much of their memorandum, defendants identify
at least three patients by name on pages 10, 11, and 20. The motion will be sealed, and defendants shall
file a redacted motion for public viewing within seven days of the date of this Order.

1 | time in reply have not been considered.

2     Summary judgment is appropriate when, viewing the facts in the light most favorable to

3 the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

4 judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

5 responsibility of informing the district court of the basis for its motion" (<u>Celotex Corp. v.</u>

6 <u>Catrett</u>, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

7 show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

8 party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to

9 designate "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S.

10 at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . .

11 and draw all reasonable inferences in that party's favor." <u>Krechman v. County of Riverside</u>, 723

12 F.3d 1104, 1109 (9th Cir. 2013). Summary judgment should be granted where the nonmoving

13 party fails to offer evidence from which a reasonable jury could return a verdict in its favor.

14 <u>FreecycleSunnyvale v. Freecycle Network</u>, 626 F.3d 509, 514 (9th Cir. 2010).

15     Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the

16 Court finds as follows:

17     Defendants argue that (1) their statements that the treatments provided to State Farm's

18 insureds were reasonable and necessary are not actionable representations of fact for purposes of

19 a fraud claim, (2) State Farm is unable to prove that the statements of reasonableness and

---

[2] The evidentiary defects related to defendants' initial submission of unsworn expert reports have been corrected. Plaintiffs' objections to those reports are overruled.

Plaintiffs' objections to the independent medical examination and utilization review reports are overruled. Defendants have not offered the reports for the truth of the matter asserted, but to show what plaintiffs did when they received a claim related to defendants' patients and what plaintiffs relied upon when making payment determinations.

Defendants' <u>Daubert</u> challenge to Dr. Stout's opinion testimony was raised for the first time in reply and has not been considered.

Defendants properly submitted evidence with their reply memorandum to rebut plaintiffs' statistics-based fraud argument.

necessity were false and/or that defendants knew them to be false, (3) State Farm did not rely on the statements, and (4) State Farm's damages are speculative. None of the arguments justify summary dispositive relief in defendants' favor. State Farm claims that defendants developed and implemented a scheme to maximize charges to patients who had PIP coverage by diagnosing significant injuries, providing a full array of services over an extended period of time regardless of each patient's particularized needs, and billing for testing and reporting on a fixed schedule with no resulting changes to the treatment regimens. The primary evidence of this scheme is the remarkable consistency in the diagnoses and treatment plans for this cohort of patients regardless of the nature of the automobile accident in which they were injured, the patient's physical condition and prior treatment history, and/or progress made during treatment. State Farm also has evidence that defendants used pre-printed cards setting forth an extended treatment program, with visit numbers and services already filled in. Finally, there is some evidence in the record to support the conclusion that patients who had PIP coverage were more likely to receive serious diagnoses and extensive treatment, whereas an entirely different treatment regimen applied after PIP funds were exhausted or when there was no coverage in the first place. Plaintiffs' expert identifies a number of instances in which defendants' treatment plan did not comport with the standard of care and opines that the pattern of findings, diagnoses, and treatment across the State Farm cohort at issue here is incredible and not what one would expect to see in a legitimate clinical setting.

Based on the evidence provided, a reasonable jury could find that defendants made knowingly false statements regarding reasonableness and necessity in order to maximize charges and insurance reimbursements, that plaintiffs were unable to contemporaneously conclude that any particular treatment was unreasonable or unnecessary given the diagnosis put forth by defendants in a particular case file, that plaintiffs paid the charges in reliance on defendants' certification, that plaintiffs subsequently discovered that the diagnoses were fabricated or overstated in order to justify treatment plans that maximized insurable events (rather than to

provide reasonable and necessary treatment), and that State Farm was damaged as a result of defendants' scheme.[3] If the jury resolves all of the factual issues in plaintiffs's favor, uncertainty in the measure of those damages will not preclude recovery under Washington law. See Sigman v. Stevens-Norton, Inc., 70 Wn.2d 915, 921-22 (1967).

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 68) is DENIED. The Clerk of Court is directed to seal Dkt. # 68. Defendants shall, within seven days of the date of this Order, file an appropriately redacted version of the motion for public viewing

Dated this 27th day of February, 2018.

_Robert S. Lasnik_

Robert S. Lasnik
United States District Judge

---

[3] Defendants are free to argue that Dr. Stout's criticisms are unfounded, that the statistics on which plaintiffs' fraud claim is based are unpersuasive, and that defendants have a standard treatment protocol that works, is conservative, meets the standard of care in the community, and is appropriately designed for treatment, not profit-maximization. Choosing between two narratives, both of which are supported by evidence in the record, is a task for the jury.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT                    -4-